94  463
100  500

THE NATIONAL CASH REGISTER COMPANY v. ISON.

1. It is not apparent that the court erred in admitting evidence, the motion for a new trial not disclosing any ground of objection, nor setting out any of the evidence objected to
2. An agent employed to sell a commodity in a given State, or in several given States, at a fixed percentage on the amount of sales, with a stipulation in the contract that he is to pay all his own expenses, has no authority, merely by virtue of his power as agent, to employ others at the expense of the company, either to act as sub-agents or to advertise and commend the commodity in a particular locality or to a particular community. Persons employed by him for such service must look to him for compensation, and cannot charge the company with the same without its consent. The finding of the judge was not warranted by the evidence, and the court erred in not granting a new trial. *Judgment reversed.*
   April 2, 1894. Argued at the last term.

Complaint on account. Before Judge BOYNTON. Spalding superior court. February term, 1893.

The case was submitted to the judge without a jury; and he found for the plaintiff $78.75, with interest. Defendant moved for a new trial on the general grounds, and because the court allowed plaintiff to testify as to sayings of Behre as agent of defendant, plaintiff having proved that Behre was only a special agent for a specific purpose, with limited authority and with no power to make a contract for defendant. The motion was overruled, and defendant excepted.

By the contract between defendant and Behre, made
in September, 1888, defendant agreed to establish Behre
as "sales agent" for the sale of its cash register in Geor-
gia and other States; the agency to terminate by written
notice of either to the other; Behre to have a commis-
sion of thirty per cent. of list price on all registers sold
in his territory, whether by him or others; he to sell
all registers at list price, allowing no discount other
than five per cent. for cash; no commission to be due
him until the purchaser had settled by direct payment
to defendant in cash or acceptable note; all registers to
be sold according to certain printed forms, and no sale
to bind defendant unless reported to and approved by
it; Behre to report all sales and conditions of sales, and
to pay his own expenses, etc. The testimony for plaintiff
showed, that Behre introduced himself by presenting a
card, viz: "The National Cash Register Company, Day-
ton, Ohio, U. S. A. Chas. H. Behre, General Southern
Agent, 4 E. Alabama street, Atlanta, Ga." He sold a reg-
ister to plaintiff, who sent directly to defendant a check
for it, less five per cent. for cash and five per cent. as com-
mission to plaintiff, who was told by Behre that he
would give plaintiff five per cent. on all registers sold in
Griffin in twelve months, if he would talk up the ma-
chine. When the twelve months expired, only one had
been sold there. Several months afterwards plaintiff
saw Behre, and between that time and when he again
saw him several machines had been sold. Plaintiff had
talked up the register and showed a good many people
how it worked. Behre said he had several registers
about sold, and with the exception of those, he would
pay plaintiff from that time five per cent. on all regis-
ters sold in Griffin. He did not mention defendant.
Plaintiff dealt with him by the card he presented, and
as agent of defendant. Nine machines were sold at $175
each. Hudson bought a register from Behre, and told

him plaintiff said he was to have five per cent. commission on the sale. Behre said that was right, and allowed it. Hudson gave him a check payable to " C. H. Behre manager," for the price of the register, first deducting the regular discount for cash, and also the five per cent. to pay plaintiff.

The testimony for defendant showed, that Behre had no authority to bind it to pay commissions on sales, nor to have printed on his card the words " General Southern Agent"; that as soon as it came to defendant's knowledge that its sales agents were using cards representing themselves as " managers" or " general agents," they were immediately cautioned not to do so, and instructed to destroy all cards of that kind; that neither defendant nor any one authorized to represent it ever employed plaintiff to sell registers or agreed to pay him a commission, etc.

STEWART & DANIEL, for plaintiff in error.

E. W. HAMMOND, contra.