7011, 7012.   FINDLAY BRICK COMPANY *v.* AMERICAN SEWER PIPE COMPANY; and *vice versa*.

BROYLES, J. 1. "Claims of damage under breach of contract that are speculative in character and that are incapable of reasonably exact computation can not be the basis of a recovery; the mere opinion of an agent selling on commission, as to what sales he could have made but for the breach of the contract, does not afford sufficient certainty to be the basis of a recovery in damages." *American Agricultural Chemical Co.* v. *Rhodes*, 139 *Ga.* 495 (6), 496 (77 S. E. 582); *Piedmont Wagon Co.* v. *Hudgens*, 4 *Ga. App.* 393 (61 S. E. 835). In this case the prospective profits, sought to be recouped against the plaintiff's action on an admitted open account, were remote and speculative, and it was not error for the court to sustain the third ground of the demurrer to the defendant's answer as amended, and to strike therefrom all allegations as to damages on account of the breach of the contract between the plaintiff and the defendant, which was entered into in May, 1914.

2. Upon the alleged contract between the defendant and Matthews, the plaintiff's agent, for commissions of the former on the sale of goods to the City of Atlanta, the only reasonable deduction to be drawn from the oral and documentary evidence is that if such a contract existed, it was between Matthews personally and the defendant, and not between the plaintiff and the defendant. Matthews's authority as agent for the plaintiff was in writing and was put in evidence, and clearly showed that he had no authority to make such a contract for his principal. Under the facts of the case the court was authorized to construe

Matthews's agency as a special agency. Where an agent's authority is conferred and defined in writing, the scope or extent of such authority must be determined from the terms of the writing, and is to be determined and construed by the court. *Claflin* v. *Continental Jersey Works*, 85 *Ga.* 27 (11 S. E. 721); *Neal* v. *Pattern*, 40 *Ga.* 363, 371. "In special agencies for a particular purpose persons dealing with the agent should examine his authority." Civil Code, § 3395. See also *National Cash Register Co.* v. *Ison*, 94 *Ga.* 463 (21 S. E. 228).

3. The court did not err in directing a verdict for the plaintiff for the full amount sued for.

4. The foregoing rulings finally dispose of the case, and it is therefore unnecessary to consider the cross-bill of exceptions.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed.*

DECIDED JULY 19, 1916. REHEARING DENIED JULY 31, 1916.

Complaint; from city court of Macon—Judge Mathews presiding. September 30, 1915.

*Feagin & Hancock,* for plaintiff in error.

*Hardeman, Jones, Park & Johnston, H. S. Strozier,* contra.