42557. KINGSTON PENCIL CORPORATION v. JORDAN.

ARGUED JANUARY 6, 1967—DECIDED MARCH 2, 1967.

*Weston D. Baxter, Jr., Robert F. Morgan,* for appellant.

*D. D. Veal,* for appellee.

JORDAN, Judge. ■ In the second and third enumerated errors the plaintiff complains of the admission in evidence of a check for $1,737.09 dated January 3, 1961, payable to a third party, and the comment of the trial judge in ruling it admissible merely to show that the defendant undertook to minimize her damages. According to the defendant, testifying in her own behalf, she was in the business of selling imprinted advertising merchandise such as ball-point pens and pencil sharpeners and had furnished the plaintiff specialized machinery to do the imprinting on pencil sharpeners to supply to her customers. When the plaintiff failed to do the imprinting and supply her customers on time, she requested the return of the machinery and received it in damaged condition which she attributed to improper crating by the plaintiff. She identified the check as one for payment to a third party for putting the machinery in order and imprinting 90,000 pencil sharpeners. She stated that $900 of the total was for getting the machinery in order. When the check was tendered in evidence and upon objection by the plaintiff the trial court ruled, "It is merely to show that she undertook to minimize her damages, and I let it in on that ground only." The defendant, as a plaintiff in her cross action, was obligated to take reasonable steps to minimize her damages, if any, from a breach of contract (see *Code* § 20-1410) and the check, as admitted for the purpose stated, tends to corroborate her testimony. The evidence having been offered, and objection duly made, it was the duty of the court to rule on its admissibility (see *Brock v. State,* 206 Ga. 397, 400 (57 SE2d 279); *Hotchkiss v. Newton,* 10 Ga. 560 (5)), and his remarks limiting its consideration by the jury were proper to inform the jury of his determination of the extent to which the evidence could be considered. See Green, The Georgia Law of Evidence, §§ 9, 11. Under the instructions given, the jury could only consider the evidence in respect to whether the defendant took steps to minimize any losses she might otherwise prove. We see no merit in the second and third enumerated errors.

■ This leaves for consideration the first enumerated error, the issue being whether the evidence is sufficient to authorize the verdict and judgment of $4,000 for the defendant. The plaintiff's credit manager, as its sole witness, testified that the amount of $1,257.24 as shown by the verified statement in the petition was the correct balance due from the defendant which the plaintiff had been unable to collect despite repeated demands by letters and telephone calls. The defendant, testifying as the sole witness in her behalf, told of various disputes with the plaintiff regarding proper credits to her account, and of continued delay in supplying her customers with imprinted materials which the plaintiff had agreed to produce and supply for her, and of efforts on her part to obtain compliance by the plaintiff. As to the $1,318.97 which defendant claimed as credit against her account under the pleadings, it appears that she determined this amount by claiming various credits against the account, including overcharges, freight charges the plaintiff agreed to pay, and misplaced glass dies, which total $751.60, plus lost profits of $567.38 from two jobbers who canceled orders due to the plaintiff's delay.

As to other lost profits, the defendant failed to carry the burden of showing that such profits were capable of definite ascertainment. In spite of some testimony as to the number of accounts that she had and the volume of monthly business, the defendant's answers on direct and cross examination as to the specific amount of her lost profits show only such generalizations as "we lost over half of our customers," "well, I imagine he caused me to lose at least $10,000," we "usually make around 40 to 30 per cent," and "our profit is about as much as we pay the supplier."

These generalized statements only point to the possibility of lost profits attributable to the plaintiff's acts, and fail to provide specific guidelines whereby the jury could determine that she was entitled to a verdict of $4,000. In general, unless the lost profits are capable of definite ascertainment, and are traceable directly to the acts of the other party, they are not recoverable. See *Code* § 20-1406; *Findlay Brick Co. v. American Sewer Pipe Co.*, 18 Ga. App. 446 (89 SE 535); *Atlanta*

*Gas Light Co. v. Newman,* 88 Ga. App. 252 (2) (76 SE2d 536);
*Globe Motors, Inc. v. Noonan,* 106 Ga. App. 486, 489 (127
SE2d 320); *Carter v. Greenville Service Co.,* 111 Ga. App. 651
(1) (143 SE2d 1).

We think that the evidence authorized the jury to apply
credits to the defendant of $751.60 and $567.38 in lost profits
against the claim of the plaintiff for $1,257.24, and to this
extent a verdict of $61.74 for the defendant was authorized.
The judgment of the trial court is affirmed on condition that
the defendant write off so much of the judgment as exceeds
$61.74, with legal interest and costs; otherwise the judgment
is reversed.

*Judgment affirmed with direction. Bell, P. J., and Pannell,
J., concur.*