44028. CITY OF ATLANTA v. WILLIAMS et al.

BELL, Presiding Judge. The City of Atlanta brought condemnation proceedings against C. M. Williams and others to acquire certain land owned by Williams and needed for the operation of the Atlanta airport. After jury trial fixing compensation the condemnor took this appeal from the court's judgment overruling condemnor's motion for new trial. The property taken involved a duplex apartment house and a single-family residence, both of which were tenant occupied. A commercial building also was situated on the tract. Williams rented this building for $75 a month to a partnership consisting of Williams and another man, which operated a small neighborhood grocery store in the building. An unimproved portion of the premises was rented for $35 a month for use as a parking lot.

1. The right to compensation for destruction of or injury to the partnership business reposed not in Williams individually but in the partnership, which was not a party to these proceedings. See *Frost v. Shackleford,* 57 Ga. 260, 262; *Granger v. Knight,* 134 Ga. 839 (3) (68 SE 648); *Bowers v. Fulton County,* 221 Ga. 731, 736 (146 SE2d 884). The court therefore erred in admitting evidence of the partnership profits and in giving the jury instructions authorizing them to award compensation for injury to the partnership business.

2. The significance of the property to Williams in his individual capacity was that of ordinary rental property. "Before weight is given to peculiar value to the owner, it must appear, not that the property is peculiar, but that the relationship of the owner thereto is peculiar—its advantages to him more or less exclusive—that is, that it is property having value peculiar to the owner only, and without possible like value to others who might acquire it." 4 Nichols, Eminent Domain

173, § 12.3141. As there was no evidence that fair market value would not give just and adequate compensation to the individual condemnee, the court erred in giving the jury instructions authorizing them to award damages based on the peculiar value of the land to the condemnee alone, as distinguished from its market value. *City of Gainesville v. Chambers*, 118 Ga. App. 25, 27 (162 SE2d 460) and citations.

3. The fourth ground of enumerated error is without merit.

*Judgment reversed. Hall and Quillian, JJ., concur.*

SUBMITTED NOVEMBER 8, 1968—DECIDED MARCH 7, 1969.

*Henry L. Bowden, Martin McFarland, Albert Wallace,* for appellant.

*Hutcheson, Kilpatrick, Watson, Crumbley & Brown, Lee Hutcheson,* for appellees.