50143. TRI-STATE SYSTEMS, INC. v. VILLAGE
OUTLET STORES, INC.

PANNELL, Presiding Judge.

Tri-State Systems, Inc. initiated this action on a contract, alleging non-payment in the amount of $2,700 for the construction of a billboard sign on Interstate Highway 75 near Forsyth, Georgia. Appellee, Village Outlet Stores, Inc., brought a counterclaim, seeking $50,000 in lost profits allegedly occasioned by appellant's breach of the contract in failing to erect three of four billboard signs, as provided in the agreement.

This case was placed on the calendar of Monroe Superior Court for February 19, 1973. Counsel for both parties announced ready and were excused by the court until the morning of February 21. At the completion of the calendar call, counsel for the two parties entered into a discussion concerning the probable time at which their trial might commence. Due to the number of preceding cases on the calendar, it appeared that this case would not be called on February 21. At the request of counsel for appellant, appellee's attorney agreed to "cover" or "protect" him to the extent possible, although both attorneys recognized no assurances could be given. The other cases were settled or continued, and this matter was called for trial on the morning of February 21. Appellee's attorney informed the court of his earlier statement to his adversary, and the court decided to proceed with trial in the absence of appellant and its counsel.

Three witnesses testified in appellee's behalf. Mr. Trevitt, President of Village Outlet Stores, Inc., testified to the following: On the basis of his own market research study and his observation of other retail establishments located nearby, he concluded that a billboard advertising program would significantly increase his retail sales volume. In anticipation of the added business which he expected to be generated by the construction of the four billboards contemplated under the contract, he improved

and expanded the physical facilities of the business, increased the inventory "by many thousands of dollars," and employed additional personnel. He further stated that due to appellant's failure to erect three of the billboards, the additional merchandise was not sold and consequently depreciated in value by 80% due to its seasonal nature and changes in fashion. Trevitt asserted that appellee's financial loss was $40,000.

L. Gary Bittick, Jr., Sheriff of Monroe County, testified that, in his opinion, current traffic count on Interstate Highway 75 was in excess of 30,000 vehicles per day. Don Daniel, former Director of Publicity at Six Flags Over Georgia and present publisher of the Monroe Reporter, testified as an expert witness on advertising. In response to a hypothetical question embracing the general nature of appellee's business and the advertising program contemplated by the contract, Daniel stated that a business of this sort could reasonably expect an increase in profits to the extent of $15,000 per year during a three-year period of advertising.

On the basis of the testimony summarized above, together with a copy of the contract, the jury awarded $40,000 to appellee. Appellant filed a motion for a new trial, a motion to vacate and set aside, and an extraordinary motion for a new trial. From the denials of these motions and from the judgment, appeal is taken to this court. *Held:*

1. Several enumerations of error concern the trial court's refusal to grant a new trial due to appellant's absence from the proceedings. The basis of this contention is appellant's reliance upon the statement of appellee's counsel that he would "cover" for him. Affidavits, filed in conjunction with the motion for a new trial, further showed that appellant's attorney appeared in the courts of DeKalb and Fulton County on the date of this trial. In overruling appellant's motions, the trial judge concluded: "The failure of the Plaintiff and its attorney to appear and be present for the trial of said case was the fault of said attorney and the Plaintiff."

Despite a wealth of cases concerning judgments obtained in the absence of one of the parties, no fixed rule by which to determine questions of this character has

developed. However, the "wide divergence apparently existing in the authorities is not the result or the evidence of a confusion of the law, but indicates merely the breadth of the field of the discretionary power which is vested in the judges in matters of this kind." *Sherman v. Stephens,* 30 Ga. App. 509, 517 (118 SE 567). The determination as to whether the absent party should be granted a new trial is a matter peculiarly within the discretion of the trial court. Courts of review will not control the judgment of the trial judge, unless it is shown that he manifestly and flagrantly abused his discretion. *Leiter v. Arnold,* 118 Ga. App. 108 (163 SE2d 235); *Union Life Ins. Co. v. Aaronson,* 109 Ga. App. 384 (136 SE2d 142). Compare, *Stamps Tire Co. v. Powers,* 104 Ga. App. 860 (123 SE2d 203).

In the case sub judice, appellant has failed to show that the trial court's discretion has been flagrantly abused. Appellant was excused by the court until February 21, and, no request for a continuance having been made, this case was called in its due order. Counsel for appellant was not justified in basing his subsequent court appearance upon his own speculations concerning the length of time required to dispose of preceding cases. Nor could the attorney reasonably rely upon his adversary's promise to "cover" for him to the extent possible. Matters concerning the appearance of a party to an action are to be addressed to the court, and any reliance placed upon opposing counsel in this respect is neither reasonable nor justified.

Appellant's intimation of fraud based upon his adversary's failure to notify him at the commencement of the trial is unsupported by the record. "Fraud must refer to an act upon which the defendants reasonably could have placed confidence or been assured that the plaintiff would not take a judgment against them, or which prevented them from appearing and defending the suit." *Leiter v. Arnold,* 118 Ga. App. 108, 110, supra. The statement of appellee's counsel gave no assurances and did not constitute that type of representation upon which a prudent person could reasonably rely. Moreover, the court was properly advised of the statement prior to trial. Its decision to proceed in appellant's absence was not an abuse of discretion and the denial of a new trial on this

ground was not error.

2. In addition to the general grounds, appellant assigns error on the trial court's refusal to grant a new trial on the ground that the verdict and the judgment "were predicated upon remote and speculative damages without adequate proof and therefore was illegal and contrary to law." It is further alleged, in separate grounds of appellant's amended motion for a new trial, that the alleged damage sustained by appellee "was not substantiated by any evidence at the trial that would authorize a verdict and judgment for $40,000, and that there was no showing "of proximate cause in that the acts of Tri-State are not shown to have caused the alleged damage to the defendant."

"In general, unless the lost profits are capable of definite ascertainment, and are traceable directly to the acts of the other party, they are not recoverable." *Kingston Pencil Corp. v. Jordan,* 115 Ga. App. 333, 335 (154 SE2d 650). See, Code § 20-1406; *Findlay Brick Co. v. American Sewer Pipe Co.,* 18 Ga. App. 446 (89 SE 535); *Atlanta Gas Light Co. v. Newman,* 88 Ga. App. 252 (76 SE2d 536). In the case sub judice, appellee has failed to carry the burden of showing that such profits were capable of definite ascertainment.

Trevitt's generalized statements that he improved and expanded the physical facilities, hired additional personnel, and lost 80% of the value of the increased inventory, which was stated to be "many thousands of dollars," are insufficient to support the verdict. These matters not only appear to be unrelated to lost profits, as alleged in appellee's counterclaim, but they are unsubstantiated by any precise data. The bold assertion by Trevitt that his business was damaged in the amount of $40,000 is likewise without value in the absence of any records or statements reflecting the store's previous and present profits or losses. The testimony of the expert witness that a business of appellee's type could expect a $15,000 increase in annual profits as a result of the proposed advertising campaign also lacks the proper factual foundation upon which a judgment may rest. These generalities only point to the possibility of lost profits attributable to appellant's acts, and fail to provide

sufficiently specific guidelines whereby the jury could determine that appellee was entitled to a verdict in the amount of $40,000. See *Kingston Pencil Corp. v. Jordan,* 115 Ga. App. 333, supra.

"The actual damages which will sustain a judgment must be established, not by conjectures or unwarranted estimates of witnesses, but by facts from which their existence is logically and legally inferable. The speculations, guesses, estimates of witnesses, form no better basis of recovery than the speculations of the jury themselves. Facts must be proved, data must be given which form a rational basis for a reasonably correct estimate of the nature of the legal injury and of the amount of the damages which resulted from it, before a judgment of recovery can be lawfully rendered." Central Coal & Coke Co. v. Hartman, 111 F 96, 98 (8th Cir. 1901). While appellee was not required to prove its damages to the exact dollar, it was required to provide some rational basis of computation. See *The Pure Oil Co. v. Dukes,* 107 Ga. App. 326 (130 SE2d 234). This it failed to do. The trial court therefore erred in refusing to grant a new trial on these grounds.

3. The remaining grounds and enumerations need not be considered in light of the above holding.

*Judgment reversed. Quillian and Clark, JJ., concur.*

ARGUED JANUARY 10, 1975 — DECIDED JUNE 12, 1975.

*Jones, Cork, Miller & Benton, Bruce Benton, Lewis N. Jones, J. Norwood Jones, Jr.,* for appellant.

*Clarke, Haygood & Lynch, Harold G. Clarke, Larry Lynch,* for appellee.