DOWNEY, Judge.
The wife seeks review of an interlocutory order setting aside a default and final judgment in a dissolution of marriage proceeding.
It seems appellant filed suit in Broward County for dissolution of marriage, and though appellee was personally served with process, he failed to file any pleadings or appear in the case. But a month or so later appellee himself filed a petition for dissolution of marriage in Broward County. The trial court entered a default in the case on the appellant’s petition and proceeded ex parte to final hearing and judgment. Said judgment dissolved the marriage, awarded custody of appellee’s daughter by a prior marriage to appellant, gave her the jointly owned marital home as lump sum alimony, and directed dismissal of the appellee’s suit for dissolution.
Approximately one month later appellee’s attorney learned of the final judgment and dismissal of appellee’s suit. He thereupon filed a motion to set aside the default and final judgment. Among other grounds, the following are alleged in said motion: 1) after appellee was served with process in *691 the appellant’s suit, appellant misled him into believing that she was not going to prosecute the suit further, therefore appel-lee filed his own suit to have the matter resolved; 2) the appellant was awarded lump sum alimony with no showing of her need or appellee’s ability to pay, and appel-lee’s business was bankrupt and he was living on unemployment compensation; 3) appellant was not in need of alimony; 4) appellee did not abandon his children and had furnished their support; 5) appellee had other meritorious defenses.
Several short hearings were had on the motion to vacate the default and judgment but due to the inadequacy of the time set aside therefor virtually no testimony was taken in support of said motion. The hearings generally amounted to a colloquy between the court, counsel, and the parties.
If the allegations of the motion to vacate were adequately proven, the trial court would have grounds to vacate the default and final judgment. However, in the present state of the record there is inadequate proof of excusable neglect and a meritorious defense.
Accordingly, the order appealed from is reversed and the cause is remanded to the trial court with directions to hold an eviden-tiary hearing to determine the merits of the motion to vacate.
REVERSED and REMANDED with directions.
WALDEN and CROSS, JJ., concur.