PER CURIAM.
Appellant/wife appeals from the lower court’s order awarding only $1,390.00 in ar-rearages for child support when she had filed a motion for contempt alleging arrear-ages of $12,000.00.
On May 28,1980, a motion for an order of contempt along with a supplemental complaint for modification to increase child support was filed. A hearing on appellant’s motion was scheduled for June 17, 1980, at 11:00 a. m.
She drove from Port St. Lucie, her home, to St. Petersburg for the hearing; a distance of 175 miles. Appellant went to the office of her attorney so that he could direct her to the courthouse. Appellant- and her attorney arrived at the courthouse no more than three minutes after 11:00 a. m. Appellee and his attorney were leaving the courtroom and appellant’s attorney was informed by the trial judge that the hearing had been held at the scheduled time. Ap-pellee had been present with his attorney and apparently based solely upon appellee’s testimony, the trial judge ordered him to pay the amount of $1,390.00.-
While the trial court’s order might be sustainable as based upon the only evidence before him, we feel his failure to hear the appellant was an abuse of discretion. Ellard v. Godwin, 77 So.2d 617 (Fla.1955). We, therefore, reverse and remand for a full evidentiary hearing as to the amount of arrearages in child support.
SCHEB, C. J., and OTT and CAMPBELL, JJ., concur.