PER CURIAM.
This is an appeal from a final judgment entered against the appellant in a suit on a promissory note. In its order mandating the recovery of $21,781.17 in principal, court costs and attorney’s fees, the trial court noted that the appellant and his attorney were not present at the final hearing. Appellant, on receipt of the final judgment, moved for rehearing and argued that neither he nor his attorney received notice of the final hearing. Appellee did not submit any counter-affidavits in rebuttal to the notice issue raised. Noting that the court file contained a notice of the hearing and a certificate of service on appellant’s attorney, the court summarily denied the appellant’s motion for rehearing without taking any evidence as to whether or not appellant or his attorney had actual notice of the final hearing. We reverse.
The question of whether or not notice was received by the appellant or his attorney is of sufficient import to justify an evidentiary hearing. Leonard v. Leonard, 397 So.2d 425 (Fla.2d DCA 1981). Thus, the trial judge abused his discretion in summarily denying the motion for rehearing. We note, however, that a better procedure was available to the appellant for relief from the final judgment order pursuant to Florida Rule of Civil Procedure 1.540.
Accordingly, we REVERSE and REMAND to the lower court for the purpose of holding an evidentiary hearing on the issue of notice.
SCHEB, C. J., and RYDER and CAMPBELL, JJ., concur.