PER CURIAM.
The employer/carrier appeal the deputy commissioner’s award of wage loss based in part upon the deposition of the claimant who did not attend the final hearing.
*949 Claimant suffered a compensable injury to his foot when he fell from a fruit tree on December 9, 1979. Dr. Flynn evaluated him in October of 1981 and assigned a 5-7% residual disability. Subsequently claimant found employment working twenty-seven hours per week. It was the position of the employer/carrier at the final hearing that claimant should find work to make up the difference between the twenty-seven hours and a full forty-hour work week.
According to the unsworn testimony of the claimant’s attorney, claimant did not attend the final hearing because he feared he would be fired from his job if he took time off. The deputy allowed into evidence, over objection, the deposition of the claimant which became the basis for the wage loss award.
We find the challenge of the employer/carrier well taken. The proper use of depositions in court proceedings is governed by Florida Rule of Civil Procedure 1.330. Subsection (a)(3) sets forth circumstances which justify the use of a deposition when a witness is unable to attend a court proceeding or to testify in the proceeding.* None of the enumerated circumstances existed in the present case. Subsection (a)(3)(E) is arguably applicable, but claimant’s failure to comply with the application and notice provisions contained therein forecloses its use in this instance. We know of no other relevant rule of law that would justify admission of the deposition into evidence, and claimant’s brief directs us to none. We can only conclude that the deputy commissioner erred by admitting into evidence, over objection, claimant’s deposition in lieu of live testimony. In the absence of the deposition, the wage loss award is not supported by competent substantial evidence.
REVERSED and REMANDED for further proceedings consistent with this opinion.
LARRY G. SMITH, SHAW and JOA-NOS, JJ., concur.

 (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead; or (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the State, unless it appears that the absence of the witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used; or (F) the witness is an expert or skilled witness.