BARKDULL, Judge.
On the second day of a jury trial in a negligence action, the defendant failed to appear. Counsel moved for a continuance, which was denied. Then counsel moved the court to permit the defense to read the defendant’s pretrial deposition, which was denied. During the closing argument plaintiffs counsel did not argue damages. In closing argument, defense counsel called upon the jury to return a “zero verdict” and “not giving her a cent”. Thereafter on rebuttal, counsel for the plaintiff went into certain items of damage, over objection.
On appeal, after an adverse jury verdict, the appellant contends first, that the trial court abused its discretion in denying the motion for continuance, or in lieu thereof, permitting a reading of the defendant’s discovery deposition and second, that the trial court erred in permitting the rebuttal argument as to damages. We affirm.
At the time the motion for continuance was initially denied, the whereabouts of the defendant were unknown and we find no abuse of discretion in the trial court denying the motion under these circumstances. Kasper Instruments, Inc., v. Maurice, 394 So.2d 1125 (Fla. 4th DCA 1981); Williams v. Gunn, 279 So.2d 69 (Fla. 1st DCA 1973). Subsequently there was a representation made that the defendant’s absence may have been occasioned by circumstances beyond his control, however, no sworn motion to this effect was made, either during the trial or in post trial proceedings. See Vaughan v. Car Tapes, Inc., 135 Ga.App. 178, 217 S.E.2d 436 (Ga.App.1975); Compare; Elmariah v. Associates Financial Services Corporation, 401 So.2d 929 (Fla. 2d DCA 1981); Tri-State Systems, Inc. v. Village Outlet Stores, Inc., 135 Ga.App. 81, 217 S.E.2d 399 (Ga.App.1975); Ellis v. Butterfield, 98 Idaho 644, 570 P.2d 1334 (Idaho 1977).
We also find no error in the trial court refusing to permit the use of the discovery deposition. Schwind Harvesting v. Boatman, 424 So.2d 948 (Fla. 1st DCA 1983); Fla.R.Civ.P. 1.330(a)(3).
As to the alleged improper closing argument, we find no merit in this contention. Defense counsel clearly opened the door by argument which requested the jury to return a “zero verdict” and [“not to give”] the plaintiff “a cent”.
Therefore the final judgment reviewed in this cause be and the same is hereby affirmed.
Affirmed.