## ROBINSON v. CITY OF JACKSONVILLE

Case No. 83-29-AP

Fourth Judicial Circuit, Duval County

February 1, 1985

### APPEARANCES OF COUNSEL

**Donald B. Freeman,** Jacksonville Area Legal Aid, Inc. for appellant.

**Linnie C. Williams,** Office of General Counsel, for appellee.

### OPINION OF THE COURT

JOHN S. COX, Circuit Judge.

This is an appeal from an Order entered by the trial court on May 26, 1983 which denied Appellant's motions to stay Writ of Possession and Motion to Set Aside Final Judgment. Those motions had been promptly filed on May 26, 1983 after the trial court had entered Final Judgment and issued Writ of Possession on May 25, 1983 consequent upon Appellant's failure to appear in court and defend at the trial which had been scheduled for May 25, 1983.

The Order appealed from was entered on May 26, 1983 without hearing despite Appellant's request contained in her motions of the same date that a hearing be set on her motions. Appellant contends that the trial court abused its discretion in summarily denying her motions without hearing. This Court agrees.

The Second, Third and Fourth District Courts of Appeal have spoken on this point and have all ruled that the issue of whether a party received notice of final hearing or trial is of sufficient import to justify an evidentiary hearing and that it is an abuse of discretion for a trial judge to summarily deny a motion for rehearing, or a motion for relief from judgment, or a motion to set aside judgment which contends that the moving party did not receive notice of the trial or final hearing without affording to such moving party a hearing on the motion or motions. See *Patricia Russell Designs, Inc. v. Gans*, 277 So.2d 802 (3rd DCA 1973); *Flynt v. Flynt*, 336 So.2d 690 (4th DCA 1976); *Hernandez v. National Bank of Florida*, 324 So.2d 920 (3rd DCA 1982); and *Elmariak v. Associates Financial Services Corporation*, 401 So.2d 929 (2d DCA 1981).

Apparently neither the Florida Supreme Court nor the First District Court of Appeals have spoken on the point involved. However, in *Weimon v. McHaffie*, 448 So.2d 1127 (1st DCA 1984) it was held that in the First District the unanimous decisions of other District Courts of Appeals on a given point are entitled to statewide application (and application in the First District) if there are no conflicting decisions by either the Florida Supreme Court or the First District Court of Appeal. Thus, this Court rules that the decisions, supra, of the Second, Third and Fourth District Courts of Appeal are entitled to application here and are binding upon the Courts in the First District.

Accordingly, the Order entered May 26, 1983, which is hereby appealed from, is hereby revised and this cause is remanded to the trial court for the purpose of holding an evidentiary hearing on the issue of notice.