69673. DEPARTMENT OF TRANSPORTATION v. MARTIN.
(331 SE2d 45)

BIRDSONG, Presiding Judge.

This eminent domain taking involved a thirteen-foot-wide strip along the right-of-way of Highway 78, and a temporary construction easement, and specifically involved the removal and relocation of service islands from the front of appellee's service station, wrecker and garage services. The Department of Transportation (DOT) paid $20,600 into the registry as just and adequate compensation. At trial the jury returned a verdict of $60,000. DOT appeals from the judgment entered on the verdict. *Held*:

1. Appellant DOT contends the trial court erred in allowing the condemnee's testimony concerning lost profits because the testimony of the condemnee was too speculative and the evidence of the loss of profits was conjectural without a showing as to how the losses could be mathematically determined to be the consequential damages of the condemnation. The speculative testimony DOT refers to is the condemnee's accountant's testimony that the economic loss sustained would be "that he lost the opportunity to continue a livelihood when his business was virtually shut down by the condemnation." However, the condemnee's accountant (who was also his son), also first testified he was familiar with the business generally and specifically filed the sales tax returns and income tax returns for the condemnee, and that "[h]istorically [the condemnee] had been able to [sic], because of the

total business, to generate a net income of about 18, 19, 20,000 [dollars] a year. That particular year [1982], he was only able to generate about 5,700."

There was also evidence the condemnee was unable to operate his gasoline sales and wrecker business during construction, which lasted about two years, because the gasoline pumps had been removed and there was no customer access to the service station, and that he would never again be able to operate the business as he had done. The trial court did not err in allowing this evidence of economic loss. "In order to establish lost profits, the jury must be provided with information or data sufficient to enable them to estimate the amount of the loss with reasonable certainty. [Cit.] Generally speaking, this means that they must be provided with figures establishing the business' projected revenue as well as its projected expenses. [Cits.]" *Dept. of Transp. v. Vest*, 160 Ga. App. 368, 369 (1) (287 SE2d 85). See *Mauney v. Dept. of Transp.*, 169 Ga. App. 563 (313 SE2d 782). The evidence in this case provides the jury with the estimated generated net income for years previous to 1982 and the approximate generated net income of 1982. The evidence was not speculative but enabled the jury to estimate the amount of the loss with reasonable certainty. *Dept. of Transp. v. Vest*, supra. It is the accepted rule that where the relevancy or competence of evidence is doubtful, it should be admitted and its weight left to the determination of the jury. *Dept. of Transp. v. Delta Machine Prod. Co.*, 157 Ga. App. 423, 426 (278 SE2d 73).

2. Accordingly, with DOT's evidence of just and adequate compensation, there was evidence to support the verdict as to actual market value of the property taken (see *Dept. of Transp. v. Delta Machine*, supra). Thus the appellant was not entitled to a directed verdict or judgment notwithstanding the verdict on grounds that the only probative evidence was the testimony of appellant's witnesses.

3. Appellant was not entitled to a new trial on grounds that the verdict was contrary to the law and evidence.

4. There was no evidence of consequential damage under the rule of *Wright v. MARTA*, 248 Ga. 372, 376 (283 SE2d 466), where the proper measure is stated to be the diminution, if any, in the market value to the remainder in its circumstance just prior to the time of the taking compared with its market value in its new circumstances just after the time of the taking. However, the appellant is not entitled to a new trial on this ground, for there is no indication the verdict was based on consequential damages. The verdict was supported by the evidence given. On appeal, we will not speculate what evidence the jury chose to believe or disbelieve; on appeal, this court is bound to construe the evidence with every inference and presumption in favor of the verdict. *Frost v. Williamson*, 239 Ga. 266, 268 (236 SE2d

615); *Hallford v. Banks*, 236 Ga. 472 (224 SE2d 35); *Bell v. Brewton*, 139 Ga. App. 463, 464 (228 SE2d 600).

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs in Divisions 1, 2, 3 and in the judgment.*

DECIDED APRIL 23, 1985.

*Joseph E. Cheeley, Jr.*, for appellant.
*G. Hughel Harrison*, for appellee.