ERVIN, Judge.
Claimant, David Collins, appeals from an order entered by the deputy commissioner (DC) denying temporary total disability (TTD) benefits. Claimant raises two issues on appeal: (1) that the DC’s order denying TTD benefits was not supported by competent, substantial evidence, and (2) that the DC’s order denying payment of certain medical expenses was beyond the scope of the issues presented at hearing. We reverse on both issues and remand.
Claimant sustained a contusion to his chest during a work-related accident. The DC, in denying TTD benefits to claimant, found that claimant had been released by his treating physician to return to light-duty work less than seven days after the accident, and, therefore, he was not entitled to an award of such benefits. See § 440.12(1), Fla.Stat. (1987). In reaching this conclusion, the DC relied upon the testimony of the employer, which related that the employer had received a note from Dr. Stephens, the treating physician, stating that claimant was released to return to light-duty work on March 31, 1987. The DC specifically found that the employer’s testimony was corroborated by the depositions of Dr. Stephens and Frances Houts-ma, Dr. Stephens’ office manager. Dr. Stephens’ deposition, however, does not confirm the employer’s testimony. In fact, it contradicts the employer because Dr. Stephens testified that he did not release the claimant to any kind of work on March the 31st.
Regarding the office manager’s deposition, the DC’s reliance thereon was error because the deposition should never have been admitted into evidence. The deposition was taken two days before the final hearing and claimant’s counsel properly objected to its admission. The DC never expressly ruled regarding the deposition’s admissibility; however, we find that the DC impliedly admitted it into evidence by virtue of the fact that he stated in his final order that he relied on the deposition in reaching his disposition of the claim. This was error. The proper use of depositions in workers’ compensation proceedings is governed by Florida Rule of Civil Procedure 1.330.[1] Schwind Harvesting v. Boatman, 424 So.2d 948 (Fla. 1st DCA 1983). Because Ms. Houtsma’s absence at the hearing was not shown to be excused due to any of the factors enumerated in Rule 1.330(a)(3), we conclude that the lower court erred in relying upon her deposition testimony in deciding that appellant had been released to return to work on March 31, 1987, thereby barring claimant’s eligibility for TTD benefits.
Given the status of the record now before us, it is impossible to determine whether the DC would have reached the same decision; therefore the case must be remanded for further proceedings, which *353 may include the taking of additional testimony, if necessary.
We also reverse as to the second point raised by claimant, regarding that portion of the DC’s order denying payment of certain medical expenses. This issue was clearly withdrawn by claimant at the commencement of the hearing. A deputy may not rule on issues that are beyond the agreed scope of the hearing. Scott Smith Oldsmobile v. Hoffard, 415 So.2d 886 (Fla. 1st DCA 1982).
REVERSED AND REMANDED FOR CONSISTENT PROCEEDINGS.
BOOTH and THOMPSON, JJ„ concur.

. Rule 1.330(a)(3) provides:
The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead; or (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the State, unless it appears that the absence of the witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used; or (F) the witness is an expert or skilled witness.