## S92A0097. GRIFFIN v. PETERS.
### (415 SE2d 905)

PER CURIAM.

The caveator appeals from the judgment in favor of the propounder, admitting the will to probate. We affirm.

Under the circumstances, the trial court did not abuse its discretion in proceeding with the trial in the absence of the caveator and his attorney, and in denying the caveator's motion for new trial. OCGA § 5-5-25. See generally *Tri-State Systems v. Village Outlet,* 135 Ga. App. 81, 83 (1) (217 SE2d 399) (1975). Moreover, our review of the record indicates that even had the caveator presented evidence in support of his claims, that evidence could not have overcome the case for probate presented by the propounder. The evidence which caveator would have presented — that the testator, his adoptive mother, excluded him from the will — was before the court as part of the propounder's case. Griffin's argument that this exclusion demonstrated the testator's incompetence and that she made this will only at the insistence of Peters is refuted by the undisputed evidence of her long estrangement from Griffin and by the testimony offered by the witnesses to the will's execution.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 1992 —
RECONSIDERATION DENIED MAY 21, 1992.

*Hurl P. Taylor, Jr.,* for appellant.
*Lambert & Roffman, E. R. Lambert,* for appellee.