S01A1325. MELCHER v. MELCHER.
(559 SE2d 468)

SEARS, Presiding Justice.

We granted an application for discretionary appeal in this case to consider the extent of a trial court's discretion to grant a new trial when a final divorce decree is entered without notice to and in the absence of the defendant. We conclude that, under the circumstances of this case, the trial court did not err in granting a new trial.

In the present case, Ms. Melcher filed the divorce action in June 2000. Although Mr. Melcher did not file an answer, his attorney maintained contact with Ms. Melcher's attorney, and engaged in set-

---

tlement negotiations during the fall of that year. Ms. Melcher's attorney scheduled the final hearing on the divorce action, without notice to Mr. Melcher, for December 18, 2000, even though she had previously filed for a leave of absence for a two-week period that included December 18. On December 14, 2000, Ms. Melcher's attorney wrote Mr. Melcher's attorney a letter discussing the parties' settlement negotiations and stating that Ms. Melcher's settlement proposal to Mr. Melcher remained open. At the time of the December 14 letter, Ms. Melcher's attorney had already scheduled the case for trial on December 18, yet her letter made no mention of the trial date. Ms. Melcher and her counsel appeared for the final hearing, but Mr. Melcher and his attorney did not have notice of the hearing and did not appear. Shortly after the hearing, the trial court entered a final judgment. Mr. Melcher, however, timely filed a motion for new trial, which the trial court granted based upon the conduct of Ms. Melcher's attorney in scheduling the final hearing for a date on which she had obtained a leave of absence and in sending a letter continuing the parties' negotiations after she had already scheduled the case for a final hearing.

OCGA § 5-5-25 provides that "[i]n all motions for a new trial on other grounds, not provided for in this Code, the presiding judge must exercise a sound legal discretion in granting or refusing the same according to the provisions of the common law and practice of the courts." Moreover, it has been held that the "non-appearance of a party or his counsel for good cause may be raised in a motion for new trial and the grant of such a motion will not be controlled unless manifestly abused."[1] In cases in which a party is absent from trial and then seeks the grant of a new trial, the Court of Appeals has held that there is no "fixed rule by which to determine questions of this character,"[2] that wide " 'discretionary power . . . is vested in the [trial courts] in matters of this kind,' "[3] that "[t]he determination as to whether the absent party should be granted a new trial is a matter peculiarly within the discretion of the trial court,"[4] and that "[c]ourts of review will not control the judgment of the trial judge, unless it is shown that he manifestly and flagrantly abused his discretion."[5]

Generally, the failure of a party such as Mr. Melcher to file an answer in a divorce case waives the party's right to notice of the final

---

[1] *Vaughan v. Car Tapes*, 135 Ga. App. 178, 180 (217 SE2d 436) (1975).

[2] *Tri-State Systems v. Village Outlet Stores*, 135 Ga. App. 81, 82-83 (217 SE2d 399) (1975).

[3] *Tri-State*, 135 Ga. App. at 83, quoting *Sherman v. Stephens*, 30 Ga. App. 509, 517 (118 SE 567) (1923).

[4] Id. at 83.

[5] Id.

hearing.[6] Here, however, we conclude that the unusual facts of this case demonstrate that Mr. Melcher had good cause for not attending the final hearing, and that the trial court therefore did not abuse its discretion in granting him a new trial. First, the parties had engaged in settlement negotiations for several months before Ms. Melcher's attorney sent the letter of December 14, and that letter clearly communicated that Ms. Melcher was ready for negotiations to continue. Second, contrary to the meaning conveyed in the letter that negotiations would continue, Ms. Melcher's attorney, before sending the letter, had scheduled the case for a final hearing that was to be held four days after the letter was sent. Third, Ms. Melcher's attorney scheduled the case for a final hearing on a date for which she had already obtained a leave of absence. Because these circumstances would have led a reasonable person to conclude that no final hearing on the divorce action was imminent, and because Ms. Melcher's attorney's actions created this misunderstanding, we conclude that the trial court was authorized to conclude that Mr. Melcher demonstrated good cause for not attending the December 18 hearing. Accordingly, the trial court did not abuse its broad discretion in granting Mr. Melcher a new trial.[7]

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 4, 2002.

*Dietrick, Evans, Scholz & Williams, Eric B. Ripper, Beverly L. Cohen,* for appellant.

*Thomas R. Campbell, Jr., William A. Wall, Jeff C. Hamling, Patrick J. Gibbs,* for appellee.

---

[6] See *Lucas v. Lucas,* 273 Ga. 240 (539 SE2d 807) (2000).

[7] OCGA § 5-5-25. Because we decide this case based upon a trial court's discretion to grant a new trial, we need not decide whether the rationale of *Green v. Green,* 263 Ga. 551 (437 SE2d 457) (1993), required Ms. Melcher's attorneys to notify Mr. Melcher's counsel of the trial date and whether the failure to do so required the trial court to set aside the judgment under OCGA § 9-11-60 (d). See also *Lucas v. Lucas,* 273 Ga. 240-241.