48970. GEORGIA POWER COMPANY v. CAMPBELL.

Stolz, Judge. The defendant appeals from a $2,000 verdict for the plaintiff for damages to his automobile resulting from its collision with the defendant's truck. *Held:*

1. "Where an automobile owner elects not to make repairs to his damaged vehicle, the measure of damages is the difference in market value before and after the collision." *Rutledge v. Glass,* 125 Ga. App. 549, 550 (188 SE2d 261) and cits. In *Johnson v. Rooks,* 116 Ga. App. 394, 395 (157 SE2d 527), it is pointed out that, while mere ownership of an automobile does not authorize the owner to testify as to its value, he may do so whenever he gives his reasons therefor or shows that he had some knowledge, experience, or familiarity as to its value, giving him an opportunity for forming a correct opinion. In *Atlantic C. L. R. Co. v. Clements,* 92 Ga. App. 451, 455 (88 SE2d 809), cited in *Johnson,* supra, p. 397, this court found that the requisite foundation was laid by testimony as to purchase price, plus the make, model, length of ownership and amount of use of the automobile, and a picture of the vehicle.

The plaintiff testified that the purchase price was $4,700; that the automobile was a 1972 Oldsmobile Supreme Cutlass; that he had purchased it new two months prior to the collision; and that, regarding its use, "I have to use it *a week* to go to work, and my wife used it *a week* to go to work." This comprised all of the elements in the *Clements* case, supra, except the picture. In

addition to the above evidence, moreover, there was testimony by a police officer, as well as the plaintiff, as to the specific parts damaged. The plaintiff testified that he was just estimating the market value after the loss, conceding that such value could be from $900 as high as $2,000.

Thus, the verdict was within the range of the competent evidence, and indicates that the value after the collision was set at the upper limit conceded by the plaintiff to have been possible. Therefore, the judge did not err in denying the defendant's motion for a directed verdict and judgment notwithstanding the verdict.

2. The verdict being within the range of the evidence, the charge authorizing a verdict for anything from $1 up to $4,160.38, if error, was harmless error.

*Judgment affirmed. Hall P. J., and Deen, J., concur.*

ARGUED JANUARY 17, 1974 — DECIDED FEBRUARY 12, 1974.

*Troutman, Sanders, Lockerman & Ashmore, David H. Flint,* for appellant.

*Robert L. O'Neil, William D. Smith,* for appellee.