## 49407. DIANA v. MONROE et al.

PANNELL, Presiding Judge.

Appellees were in dire financial difficulties and because of poor credit, could not obtain a loan from a recognized financial institution. Appellant, an attorney with 10 years law practice and several other years spent in the Florida real estate field, met Mrs. Monroe at her place of employment and learned of their problems. To alleviate their plight, he offered to loan them $1,000 cash and to satisfy two judgments outstanding against them; one for $1,291.54 and another for $518.27. Appellees accepted and went to appellant's office the night of July 24, 1968. There, they signed a warranty deed on a 36 acre tract of land where they lived in a trailer, their house having burned down previously. At the same time, they signed a "rental-purchase" contract whereby they agreed to pay $27.72 monthly for 180 months, starting September 1, 1968, and upon payment the land would be

reconveyed to them. A "monthly repayment note" also was executed by the appellees. The latter two instruments reflected a $2,900 loan at 8% per annum for 15 years. The loan was $90.19 in excess of appellant's cash outlay and the amounts of the two judgments. Dispute existed as to the witnessing of the warranty deed and the rental-purchase contract. Appellees allege that only appellant was present at the time of execution, although the documents ostensibly show them to have been witnessed by a female and notarized by an attorney. Appellant alleges that appellees brought the documents already executed to his office after business hours on July 24, 1968, to get their money. The attorney testified that he went to appellant's office for the execution and witnessing. Neither the source of the witness, nor her whereabouts were known to either appellant or his former attorney. Appellant subsequently recorded the warranty deed.

Appellant paid appellees the $1,000 cash and later paid the largest judgment and it was transferred to his name on the court records. He never paid the $518.27 judgment, alleging that he thought his payment of $1,291.54 was in settlement of both judgments. About November, 1968, the appellant raised the monthly installment to $32.95 per month, which increased payments Mrs. Monroe allegedly continued to make. Appellant denied that all of such payments were made. On November 19, 1969, appellant allegedly sent appellees a notice that the contract was canceled for default. There is no evidence that the envelope containing the notice bore proper postage. Appellees denied receipt of any such notice. Subsequently, the Monroes separated and moved. In 1971, Mrs. Monroe noticed an ad offering the property for sale. Mr. Monroe alleges that he then tried to buy it back for $2,900. Appellant denies that offer and states that Mr. Monroe asked him about buying the property and that he advised him that the price probably would be between $4,000 and $4,200. The property subsequently was sold by the appellant to an innocent third party for $5,000.

The Monroes filed suit alleging fraud in that: the warranty deed was merely to be security for repayment

of the promissory note for $2,900; no one was present except the parties when the deed and other documents were signed, although they bore the signatures of a notary and a witness; and, that appellant subsequently recorded and sold the property relying on such fraudulently obtained deed. They further alleged a failure of consideration and that they were not in default. They sought $12,500 damages, less credit due, and for $10,000 as punitive damages. Appellant denied the allegation that: the warranty deed was security for the note; he was immediately to pay off the judgments; consideration had failed; the deed was fraudulently recorded; and, he was indebted to appellees in any amount. Appellant's motion for summary judgment was denied. The jury returned a verdict of $10,000 general damages and $10,000 punitive damages. Appellant's motion for a new trial was denied and this appeal followed. *Held:*

1. The appellant enumerates that the trial court erred in failing to direct a verdict in his behalf. Where a judge directs a verdict for either party, the evidence must be such as to demand his finding. Thus, this case would have to be completely without any evidence on which liability could be found for the trial court to direct a verdict against the appellees. Further, all of the evidence here must be construed most favorably to the opposing party. See *Kroger Co. v. Cobb,* 125 Ga. App. 310 (187 SE2d 316). The evidence in the case sub judice clearly did not demand a finding in favor of the appellant. The enumeration is without merit.

2. Appellant complains that the trial court erred in failing to direct a verdict for him on the question of punitive damages. It is contended that such damages can only arise from tort and that the current action was one for breach of contract. The appellee, in the court below, alleged and submitted evidence to show that the appellant had fraudulently induced them to sign the warranty deed on the assurance that it would serve only as security to insure payment of the note. Further, that the deed had been fraudulently witnessed after execution by the appellee and then filed to give appellant recorded title to the property. There also were other matters of

record relating to fraud for the jury's consideration for "[F]requently among the facts best proved is one which no witness has mentioned in his testimony, such fact being an inference from other facts." *Brown v. Matthews,* 79 Ga. 1 (2) (4 SE 13). Fraud, if found, is tortious conduct. The enumeration is without merit.

3. Appellant enumerates as error the failure of the trial court to grant a motion for a new trial and to instruct the jury to disregard a statement of appellees' attorney made during argument. In order for this court to pass on the correctness of the trial judge's ruling, it is necessary that this court be supplied with a complete transcript before his judgment may be reviewed. This has not been done. Absent the pertinent portions of the arguments, we cannot rule that the trial judge erred. See *Puckett v. Nettles,* 131 Ga. App. 3 (205 SE2d 28); *Webb v. Jones,* 221 Ga. 754 (146 SE2d 910).

4. Appellant complains that the trial judge erred in instructing on tender absent evidence that the figure allegedly tendered was for the full amount due. Although Mr. Monroe testified that he offered to repurchase the land for $2,900, the original contract price, a fact which appellant denied, there is other testimony to the effect that the monthly payment of $27.72 came from amortization tables and the contract itself was before the jury to reflect that those payments were to be made for 180 months. The trial judge's charge, in part, specifically advised the jury that "It [tender] must be in full of the specific debt and not in part . . ." We find no error.

5. The remaining enumerations of error are either mooted by this opinion, or are considered to be without merit.

*Judgment affirmed. Stolz and Webb, JJ., concur.*

ARGUED MAY 30, 1974 — DECIDED SEPTEMBER 4, 1974 — REHEARING DENIED SEPTEMBER 24, 1974 — ▪▪▪

*Thompson & Broadfoot, H. Dale Thompson, William L. Tribble,* for appellant.

*David G. Mercer,* for appellees.