## 51730. PRICE v. SCHOEFER.

Evans, Judge.

This is a family affair. Mr. and Mrs. Edward Price, while in the process of obtaining a new residence, were either loaned or given a sum of $10,000 by the mother of Mrs. Price, to wit, Mrs. Helen C. Schoefer, to assist in the payment of the new residence. A residence was obtained — somewhat larger than it would have been — to accommodate the needs of the mother who was to live with them. Shortly thereafter, a promissory note was drawn up and executed by Mrs. Edward (Hildegard S.) Price in the amount of $10,000, payable to Mrs. Schoefer as follows: "In the event the holder is ever asked to move out unvoluntarily [sic] from the residence of maker located at 4274 Executive Drive, Stone Mountain, DeKalb County, Georgia, the entire principal amount shall become immediately due and payable. In the event that the holder should pass away, then and in that event, the entire indebtedness represented hereby shall be extinguished by the fact of death and nothing further shall be owed hereunder." [T. 94]

Subsequently, difficulties arose between the parties, resulting in the mother moving out of the home. She contends her leaving was involuntary ("unvoluntary"),

while the daughter contends she moved out freely of her own accord, and that the money was a complete gift.

Mrs. Helen Schoefer then sued her daughter, Hildegard S. Price, contending the note was in default, seeking $10,000 and 10% attorney fees, as provided for in the note. At the trial, a jury verdict was returned in the amount of $7,000 in favor of the plaintiff, plus $700 in attorney fees. Defendant appeals. *Held:*

The main contention of the defendant is that the lower court erred in failing to grant her motion for directed verdict and motion for judgment notwithstanding the verdict. The denial of the motion for new trial on the general grounds is also enumerated as error and is dependent upon the decision on this contention.

If the judge directs a verdict for either party, the evidence must be such as to demand his findings. Thus the case would have to be completely without any evidence on which the jury could have rendered a verdict against the defendant. See *Kroger Co. v. Cobb,* 125 Ga. App. 310, 311 (3) (187 SE2d 316); and *Diana v. Monroe,* 132 Ga. App. 669, 671 (1) (209 SE2d 70).

Here there was no doubt that the note was executed. If there be any evidence from which the jury might find that the condition for payment had been fulfilled, a verdict for the plaintiff was proper. There was evidence to show that Edward Price, husband of defendant, had committed certain acts which plaintiff could have considered obnoxious, such as pushing her, shutting her out of the house, etc., and general harassment which she might have considered equivalent to requiring her to move out of the house.

The evidence must be construed most favorably to the party in whose favor the verdict is rendered. *Crews v. Crews,* 219 Ga. 459, 463 (1) (134 SE2d 27); *Echols v. Thompson,* 211 Ga. 299 (2) (85 SE2d 423); *Boatright v. Rich's, Inc.,* 121 Ga. App. 121 (1) (173 SE2d 232). There is no merit in defendant's contentions.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

ARGUED JANUARY 9, 1976 — DECIDED JANUARY 27, 1976 —

706

*Swertfeger, Scott & Turnage, G. Clyde Dekle, III,* for appellant.

*Alford & Hamilton, Walter C. Alford,* for appellee.