## 52349. MARCO PUBLICATIONS, INC. v. SOUTHERN AIRWAYS, INC.

McMURRAY, Judge.

Ten parcels of printing were shipped by air freight via Southern Airways, Inc. from a printing firm in Kingsport, Tennessee, to Marco Publications, Inc., in New Orleans, Louisiana. On October 21, 1973, the president of Marco picked up the parcels in an automobile but could carry only nine parcels, leaving one in possession of Southern. He asked a Southern employee if it could be held until Monday, October 29, 1973. The package or parcel was not picked up the following Monday, and upon inquiry by Marco in late December, 1973, or early January, 1974, it was found that the package had been

thrown out during a general housekeeping of Southern's headquarters and presumably destroyed.

Marco sued Southern for the loss of the printing material and for loss of profits in having to use old, outmoded printing material in the sale of its product. Defendant answered, denying liability.

The court directed a verdict in favor of the defendant after both litigants had presented evidence, and judgment was entered in favor of defendant. Plaintiff appeals. *Held:*

1. Generally, unless lost profits are capable of definite ascertainment, and are traceable directly to the acts of the defendant, they are not recoverable. *Findlay Brick Co. v. American Sewer Pipe Co.,* 18 Ga. App. 446 (1) (89 SE 535); *Kingston Pencil Corp. v. Jordan,* 115 Ga. App. 333, 335 (2) (154 SE2d 650).

Here the loss of material containing the sales price of plaintiff's products used in stimulating the purchase of the plaintiff's product, together with the use of older sales data in an attempt to show loss of profits is too vague and uncertain to establish any loss of profits, being too general and only point to a possibility of such loss.

In addition, only certain contracts were offered in evidence, and other data on these sales was never offered to complete the record and establish any such loss of profits. The burden is on the party alleging error to show error. *Campbell v. Powell,* 206 Ga. 768, 770 (3) (58 SE2d 829); *Shepherd v. Shepherd,* 225 Ga. 455, 457 (3) (169 SE2d 314). The enumeration of error complaining of the refusal to allow evidence as to loss of profits is not meritorious.

2. After delivery of the goods, and all of the goods cannot be removed by the consignee, the consignor is no longer liable as a carrier but only for gross neglect as a gratuitous bailee. *Kenny Co. v. Atlanta & W. P. R. Co.,* 122 Ga. 365 (50 SE 132); *Allen v. Southern R. Co.,* 33 Ga. App. 209, 211 (3) (126 SE 722); Compare *Savannah & S. R. Co. v. First Nat. Bank,* 25 Ga. App. 529 (103 SE 887).

3. In proving the value of the lost parcel of printing, the actual cost of the item by invoice was not used since it was contained in an overall cost of approximately $26,000 with other printing. Plaintiff's witness, an expert in this field, testified it was "in the area of twelve hundred

dollars. The previous one [order — similar brochures to the one lost] was $1120.00." Another answer as to this similar order was "approximately $1125." No objection was made to any of this testimony. As the replacement of the brochures was made by another printer, and they were also folded (yet no charge was made for folding), the court refused to allow the witness to testify that the replacement cost was $1,208.40.

The approximation as to value in the testimony above was sufficient to show the best judgment as to value by the witness and to present the question of value to the jury for its consideration. See *Warren v. State,* 76 Ga. App. 243, 245 (2) (45 SE2d 726); *Morrow v. Johnston,* 85 Ga. App. 261 (4) (68 SE2d 906). The knowledge and experience of the witness here was sufficient to authorize his testimony as to value. *Johnson v. Rooks,* 116 Ga. App. 394, 395 (157 SE2d 527); *Atlantic C. L. R. Co. v. Clements,* 92 Ga. App. 451, 455 (88 SE2d 809); *Ga. Power Co. v. Campbell,* 130 Ga. App. 875 (1) (204 SE2d 812). Further, the court erred in refusing to allow the witness to testify as to the replacement cost which was explained to be due to higher costs of printing since the brochures were lost. See *Morrow v. Johnston,* 85 Ga. App. 261, 266 (4), supra. The enumeration of error complaining of the refusal to allow testimony as to replacement cost is meritorious.

4. Only in the event that the plaintiff was completely without any evidence on which the jury could have rendered a verdict against the defendant would a directed verdict have been authorized for defendant. *Kroger Co. v. Cobb,* 125 Ga. App. 310, 311 (3) (187 SE2d 316); *Diana v. Monroe,* 132 Ga. App. 669, 671 (1) (209 SE2d 70); *Price v. Schoefer,* 137 Ga. App. 704, 705 (224 SE2d 854).

There was sufficient evidence for a jury to consider the value of the lost printing, and plaintiff having offered proof of injury and damage, it was error to direct the verdict in favor of the defendant. A jury would have been authorized to find defendant did not exercise slight care and diligence in protecting the property when it was left in its care. *Allen v. Southern R. Co.,* 33 Ga. App. 209, 212 (3), supra. *Savannah & S. R. Co. v. First Nat. Bank,* 25 Ga. App. 529, supra.

*Judgment reversed in part and affirmed in part. Marshall and Smith, JJ., concur.*

ARGUED JULY 6, 1976 — DECIDED SEPTEMBER 16, 1976 —
REHEARINGS DENIED OCTOBER 7, 1976.

*W. Jason Uchitel,* for appellant.
*Long, Weinberg, Ansley & Wheeler, George H. Connell, Jr.,* for appellee.