64026. LAUGHRIDGE v. MOSS et al.

CARLEY, Judge.

Appellant-plaintiff brought suit against appellee-defendants for medical malpractice. The jury returned a verdict for appellees. Appellant appeals from the judgment entered on the jury verdict and the denial of his motion for new trial.

1. Appellant enumerates as error the sustaining of appellee's objection to a question propounded to one of appellant's expert witnesses. It appears that subsequent to the sustaining of appellee's objection to the question as "leading," appellant's counsel rephrased the question and the witness was allowed to give his answer. Under these circumstances, the error, if any, in the sustaining of the objection to the original question would be clearly harmless. See generally *Ward v. Handley,* 132 Ga. App. 412 (1) (208 SE2d 189) (1974).

2. Appellant enumerates as error the trial court's refusal to suppress in its entirety a deposition which appellee proposed to read into evidence. It appears that the trial court refused to suppress the entire deposition, informing appellant's counsel that he could object to "anything objectionable" in the deposition as it was being read. The objections of appellant's counsel to "objectionable" parts of the deposition were sustained. "The use of a deposition of a witness taken after notice to the opposite party and with counsel for both parties present lies within the sound discretion of the court. [Cit.]" *Pembrook Management v. Cossaboon,* 157 Ga. App. 675, 676 (2) (278 SE2d 100) (1981). See also Code Ann. § 81A-132 (b). For no reason urged on appeal do we find error in any ruling of the trial court with regard to the deposition. See generally *International Assn. &c. Local 387 v. Moore,* 149 Ga. App. 431, 435 (9) (254 SE2d 438) (1979).

3. The trial court charged as follows: "[M]edical expert

testimony showing a mere difference in views between doctors as to operating techniques or medical judgments is insufficient to show malpractice when it is shown that the procedure or judgment preferred by each doctor is an acceptable and customary medical approach." Appellant does not contend that the charge is an erroneous statement of the law. See *Hayes v. Brown,* 108 Ga. App. 360, 366 (133 SE2d 102) (1963). Appellant does assert that the charge was not adjusted to the evidence in this case. Our review of the transcript demonstrates no error.

4. Appellant's failure to object precludes consideration of his remaining assertion of error concerning the trial court's instructions to the jury. Ga. Code Ann. § 70-207 (a).

5. Appellant enumerates as error the failure of the trial court to take the ameliorative action requested after appellee's counsel allegedly misstated the evidence during closing argument. "In order for this court to pass on the correctness of the trial judge's ruling, it is necessary that this court be supplied with a complete transcript before his judgment may be reviewed. This has not been done. Absent the pertinent portions of the arguments, we cannot rule that the trial court erred. [Cits.]" *Diana v. Monroe,* 132 Ga. App. 669, 672 (3) (209 SE2d 70) (1974).

6. The trial court did not err in disallowing evidence of an alleged previous act of medical malpractice on the part of appellee. "The general rule in a suit for negligence is that evidence of similar acts or omissions on other and different occasions is not admissible. [Cit.]" *Smith v. Greene,* 144 Ga. App. 739, 742 (242 SE2d 312) (1978). Appellant apparently contends that such evidence was admissible for impeachment purposes. Our review of the transcript, however, fails to demonstrate that the excluded evidence would have been admissible for purposes of impeachment. Compare *Richards v. Harpe,* 42 Ga. App. 123 (155 SE 85) (1930); *Johnson v. Myers,* 118 Ga. App. 773 (165 SE2d 739) (1968).

7. Appellant enumerates as error the admission of certain evidence over the following objection: "It's totally inappropriate. It's designed solely to prejudice and inflame the jury and it's misleading in that we know what the situation is . . ." The trial court asked appellant's counsel if he had a "better reason" for objecting and counsel responded, "[n]ot at this time . . ." This objection is too general to present any question for decision by this court. See generally *Perkins v. Edwards,* 228 Ga. 470, 473 (4) (186 SE2d 109) (1971); *Lanier v. Lee,* 111 Ga. App. 876 (1) (143 SE2d 487) (1965).

8. Remaining enumerations of error not otherwise specifically addressed have been considered and found not to present any cause for reversal.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED SEPTEMBER 10, 1982.

*Clifford H. Hardwick,* for appellant.
*Edgar H. Sims, Jr.,* for appellees.