JEANNE JONES, APPELLANT, V. CARL P. TRANISI, M.D., APPELLEE.

326 N.W.2d 190

Filed November 12, 1982. No. 82-176.

Steven Lefler of Schrempp & Lefler, for appellant.

William M. Lamson, Jr., and Patricia A. Zieg of Kennedy, Holland, DeLacy & Svoboda, for appellee.

Submitted without oral argument. KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CLINTON, J.

This is a medical malpractice action in which the jury returned a verdict for the defendant Tranisi. On appeal, two assignments of error are made. The trial court erred (1) in refusing to receive the testimony of a rebuttal witness, and (2) in failing to submit to the jury one of the allegations of negligence against the doctor, namely, he failed " 'to pursue adequate post-surgery care and treatment to determine *the cause* of the Plaintiff's hoarseness.' " (Emphasis supplied.)

The basic negligence alleged by plaintiff is that the defendant, in the course of performing a thyroidectomy upon the plaintiff, failed to use the appropriate standard of care during the operation and injured the recurrent laryngeal nerve. This resulted in the impairment of one of the vocal cords and left the plaintiff with permanent hoarseness.

The expert testimony indicates that damage to a laryngeal nerve is one of the risks, although infrequent, of a thyroidectomy. Plaintiff's expert testified that the defendant erred by starting the thyroidectomy and identifying the nerve superiorly rather than inferiorly. The defendant and his expert witness contradicted the claims of negligence.

Plaintiff called as a rebuttal witness Christine Vecchio, a former patient of the defendant Tranisi, upon whom he had performed a thyroidectomy more than 12 years earlier. Defense counsel objected to

the witness' testimony on various grounds, including lack of relevance. The judge sustained the objections and struck the witness' preliminary evidence that did come in, telling the jury to disregard it. The plaintiff made the following offer of proof: "[S]he would testify that she had been operated upon by Dr. Tranisi, that Dr. Tranisi performed a thyroidectomy upon her; that she was never told of the risks involved in the thyroidectomy; that a couple years after the thyroidectomy, she had almost a total loss of speech within a couple years afterwards.

"After that total loss of speech, her voice did recover to the state that it's at now and has never improved in the last 10 years from what it is today.

"And that she made continuous complaints to Dr. Tranisi of the problem, and she was told by him that it would take anywhere from two months to two years to heal." On cross-examination, Tranisi had testified that no patient upon whom he had performed a thyroidectomy complained of a loss of voice or a voice level decrease as a consequence of the operation.

We conclude that the court did not err in excluding the rebuttal testimony of Mrs. Vecchio. The evidence code provides that all relevant evidence (with certain general exceptions) is admissible. Neb. Rev. Stat. § 27-402 (Reissue 1979). "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Neb. Rev. Stat. § 27-401 (Reissue 1979). Relevance, as used in the code, seemingly embraces the concepts which we formerly referred to as competent or material.

If the plaintiff was offering Mrs. Vecchio's testimony to prove Tranisi's negligence in performing the operation on the plaintiff, it was not relevant for

that purpose. If offered for the purpose of impeaching Tranisi, it was not admissible because it related to a collateral matter.

No expert testimony in the record supports the proposition that hoarseness following a thyroidectomy evidences a negligent cause. A more mundane example will serve to clarify. One cannot prove that one was negligent in causing an accident in 1980 because one was negligent in causing one on some earlier occasion.

"[A] witness may not be impeached by producing extrinsic evidence of 'collateral' facts to 'contradict' the first witness's assertions about those facts." McCormick on Evidence § 47 at 98 (2d ed. 1972). McCormick further says at 98: "What is to be regarded here as within this protean word of art, 'collateral'? The inquiry is best answered by determining what facts are not within the term, and thus finding the escapes from the prohibition against contradicting upon collateral facts. The classical approach is that facts which would have been independently provable regardless of the contradiction are not 'collateral.' " The above is the rule in Nebraska. " 'It is only as to matters relevant to some issue involved in a case that a witness can be contradicted for the purpose of impeachment.' Carpenter v. Lingenfelter, 42 Neb. 728, 60 N.W. 1022, 32 L.R.A. 422.

. . . .

" 'The general rule is that a witness cannot be impeached as to collateral or immaterial matter brought out on cross-examination; * * *.' " *Ambrozi v. Fry,* 158 Neb. 18, 26, 62 N.W.2d 259, 265 (1954).

With reference to the court's refusal to submit the allegation of negligence described in the second assignment of error, an examination of the record fails to show any evidence which would justify the submission of the issue as a "cause" of plaintiff's injury. The record clearly shows that the plaintiff's

harm resulted from damage to the laryngeal nerve. The evidence upon which the plaintiff relies in this connection, as set forth verbatim in her brief, relates to measures that might be taken subsequently to improve the condition. These were exercises and a "Teflon injection." The record establishes that no postoperative evaluation would have prevented injury. No expert opinion stated that defendant was negligent in postoperative care, causing the injury. Had the plaintiff obtained a verdict, she would have been entitled to recover as part of her damages the cost of remedial measures which might reasonably be pursued. However, the jury found against her on the negligence issue.

AFFIRMED.

WHITE, J., concurs in the result.