73430. GRISSETT et al. v. WILSON et al.
(353 SE2d 621)

POPE, Judge.
Plaintiffs/appellees brought this action against defendants/appellants claiming damages for personal injuries to plaintiff Karen L. Wilson and for loss of consortium to her husband, plaintiff Frank L. Wilson. Following a bench trial, the trial court awarded Karen Wilson $100,000 on her personal injury claim and Frank Wilson $15,000 on his loss of consortium claim. Upon subsequent motion by plaintiffs, the trial court also awarded pre-judgment interest jointly in their favor in the amount of $14,321.10 pursuant to the Unliquidated Damages Interest Act, OCGA § 51-12-14. The sole enumeration of error on

appeal challenges the imposition of pre-judgment interest.

1. OCGA § 51-12-14 provides: "(a) Where a claimant has given written notice by registered or certified mail to a person against whom claim is made for unliquidated damages in a tort action and the person against whom such claim is made fails to pay such amount within 30 days from the mailing of the notice, the claimant shall be entitled to receive interest on the claimed sum if, upon trial of the case in which the claim is made, the judgment is for an amount not less than the sum claimed. (b) The written notice referred to in subsection (a) of this Code section may be given on only one occasion and shall specify that it is being given pursuant to this Code section. (c) The interest provided for by this Code section shall be at the rate of 12 percent per annum and shall begin to run from the thirtieth day following the date of the mailing of the written notice until the date of judgment. (d) Evidence or discussion of interest on liquidated damages, as well as evidence of the offer, shall not be submitted to the jury. Interest shall be made a part of the judgment upon presentation of evidence to the satisfaction of the court that this Code section has been complied with and the verdict of the jury or the award by the judge trying the case without a jury is equal to or exceeds the amount claimed in the notice." This act "makes available to an injured party a coercive tool to offset injury and financial loss by encouraging a tortfeasor to make amends for his injurious conduct by making immediate payment short of litigation. If the tortfeasor does not take advantage of the opportunity to make his victim whole, the statute imposes a penalty, in effect, by authorizing the victim of the tort to collect damages in the form of interest from the time of the [thirtieth day following the date of the mailing of the written notice] until the time the unliquidated damages become certain by verdict. . . ." *Williams v. Runion,* 173 Ga. App. 54, 60 (325 SE2d 441) (1984).

The record shows that pursuant to the statute plaintiffs mailed notice to defendants which stated in part: "The purpose of this letter is to make a demand for settlement of all claims in the amount of $110,000.00 at this time and to further inform you that this demand is being made pursuant to the Unliquidated Damages Interest Act, OCGA § 51-12-14. In the event judgment is obtained for an amount in excess of $110,000.00, then we will look to the defendants to pay interest in accordance with this code section." Defendants argue in essence that the personal injury claim and the loss of consortium claim are separate and distinct causes of action. Therefore, they contend, the notice sent by plaintiffs, which lumped the claims together for the purpose of the settlement offer, was unauthorized under the statute.

In support of their position, defendants cite the use of the singular (rather than plural) terms "claim," "judgment," and "award" in

the statute. Defendants argue that the clear import of these terms is that where a lawsuit involves multiple claims, a separate amount must be set out in demand for settlement for each separate claim. This assertion is entirely specious. In the absence of express language in the statute to the contrary, the use of the singular number is construed to include the plural. OCGA § 1-3-1 (d) (6). We thus find nothing in the statute precluding a lump sum settlement offer on multiple claims.

Moreover, the law in this state encourages the resolution in one action of all claims arising from a single occurrence or transaction. See OCGA §§ 9-11-19; 9-11-20; 9-11-42. The loss of consortium claim in this case is clearly derivative of the personal injury claim. See *Stapleton v. Palmore*, 250 Ga. 259 (297 SE2d 270) (1982). The issue in *Stapleton* was whether a separate suit for loss of consortium was barred by an earlier verdict for the defendant on the issue of liability. The court noted the line of cases holding that the personal injury claim and the loss of consortium claim were separate and distinct claims for relief. However, the court then observed "that the rule is different where the injured person and the spouse combine their separate claims in one suit, for in those cases it has been held that the loss of consortium claim is a 'derivative' claim and where one jury has heard the same evidence on the same issue it cannot render inconsistent verdicts as might two separate juries. [Cits.]" Id. Recognizing the possibility of inconsistent verdicts in separate suits, the court held that "where a personal injury plaintiff fails to join his or her loss of consortium spouse, the defendant who desires to be protected against inconsistent obligations should do so." Id. at 261. Since the law allows a defendant to compel a husband and wife to consolidate their personal injury/loss consortium claims into one action, we find it inconsistent to prohibit them from making a joint settlement demand where, as here, the claims have in fact been joined in the same action.

The record shows substantial compliance with the requirements of OCGA § 51-12-14, and we thus find no basis for reversal for any reason assigned on appeal. See generally OCGA § 1-3-1 (c).

2. Plaintiffs' motion for damages for frivolous appeal pursuant to OCGA § 5-6-6 is denied. See generally *Aetna Ins. Co. v. Windsor*, 133 Ga. App. 159 (5) (210 SE2d 373) (1974); *Stripling v. Calhoun*, 98 Ga. App. 354 (3) (105 SE2d 923) (1958).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 10, 1987.

*Warner R. Wilson, Jr., N. Sandy Epstein,* for appellants.

*Thomas W. Thrash, Jr., John S. D'Orazio,* for appellees.