## A89A0287. CHAPMAN v. HEPBURN.
(383 SE2d 352)

BENHAM, Judge.

Appellee brought suit against appellant to recover for damage to her automobile arising from a collision. Appellant denied liability, but at trial challenged only the amount of damages sought. The jury returned a verdict for appellee for actual damages and attorney fees, and the trial court added prejudgment interest pursuant to OCGA § 51-12-14.

1. In his first enumeration of error, appellant asserts that the trial court erred in denying his motions for directed verdict and judgment notwithstanding the verdict. The motions were based on appellant's contention that appellee failed to carry her burden of proof with regard to the damage to her automobile.

" ' "There are two ways to prove damages to a motor vehicle caused by a collision: (1) By showing the difference between the fair market value of the vehicle before and after the collision; and (2) Proof of necessary repairs that are the direct and proximate result of the collision and which represent the reasonable value of labor and material used for the repairs. However, this is subject to the proviso that the aggregate of the repair costs, together with hire on the vehicle while rendered incapable of being used, and the value of any additional permanent impairment, does not exceed the market value of the car before the damage with interest. [Cits.]" ' " *Morris v. Bonner*, 183 Ga. App. 499 (3) (359 SE2d 244) (1987). Appellee chose to employ the second method, and appellant contends that she failed to carry her burden because she did not prove the value of the vehicle. Our review of the record convinces us otherwise.

An appraiser of automobiles testified to the value of a car of the same make and model as appellee's; that was sufficient to show the best judgment of the witness as to the value of the car. See *Marco Publications v. Southern Airways*, 139 Ga. App. 808 (3) (229 SE2d 664) (1976). Considering that evidence together with testimony concerning the age of the vehicle and its use, we conclude that the jury was given sufficient information to determine the value of the vehicle (*Georgia Power v. Campbell*, 130 Ga. App. 875 (1) (204 SE2d 812) (1974)) and whether that value exceeded the cost of the repairs. There was no error, therefore, in denying appellant's motions for directed verdict and judgment notwithstanding the judgment on that issue. See *Marco Publications v. Southern Airways*, supra, Division 4.

2. The jury awarded appellee attorney fees. In his second enu-

meration of error, appellant asserts that the award was erroneous because the existence of a bona fide controversy, as shown by the fact that appellee received less in damages than she sought, precludes a finding of stubborn litigiousness. That position has been rejected by this court. See *Georgia-Carolina Brick &c. Co. v. Brown*, 153 Ga. App. 747 (2B) (266 SE2d 531) (1980).

Appellant steadfastly denied liability in this case until trial, then made no effort to contest anything other than the amount of damages. "The evidence here shows 'that there existed no bona fide controversy as to appellant's *liability*, but rather that appellant was merely "stonewalling," as contemporary idiom has it — that is, that appellant was attempting to utilize what this court has denominated "the 'so sue me' ploy." ' (Cit.) [Cit.] Thus there was evidence to support the award of attorney fees for appellant's stubbornly litigious behavior and the unnecessary trouble and expense appellant caused appellee by [his] denial of any liability for the . . . damage to appellee's property." *Southern R. Co. v. Crowe*, 186 Ga. App. 244, 248 (366 SE2d 846) (1988). The authority relied upon by appellant, *Backus Cadillac-Pontiac v. Brown*, 185 Ga. App. 746 (1) (365 SE2d 540) (1988), is distinguishable in that the defendant in that case raised valid issues concerning liability; appellant here did not. We find no error in the denial of appellant's motions for directed verdict and judgment notwithstanding the judgment with regard to the award of attorney fees.

3. Finally, appellant complains of the trial court's award of prejudgment interest pursuant to OCGA § 51-12-14. We agree with appellant that the award of interest was erroneous.

"Where a claimant has given written notice by registered or certified mail to a person against whom claim is made for unliquidated damages in a tort action and the person against whom such claim is made fails to pay such amount within 30 days from the mailing of the notice, the claimant shall be entitled to receive interest on the claimed sum if, upon trial of the case in which the claim is made, the judgment is for an amount not less than the sum claimed." OCGA § 51-12-14 (a). In the present case, appellee made demand on appellant for damages to her car in the amount of $5,020.03. The jury returned a verdict awarding appellee $2,520.03 in actual damages, and $4,552.50 attorney fees. Since the sum of those elements of the verdict totalled more than the amount claimed, the trial court awarded prejudgment interest.

Appellee argues that the trial court was authorized to do so by *Grissett v. Wilson*, 181 Ga. App. 727 (1) (353 SE2d 621) (1987), but we find that case distinguishable. There, the demand specifically stated that it was a demand to settle "all claims"; the demand in the present case was very specific that it concerned the damages to appel-

lee's car. In addition, both the claims in *Grissett* were in existence at the time of the demand, whereas appellee here had only the claim for property damage at the time the demand was made; the entitlement to attorney fees arose from appellant's conduct in the course of litigation, after the demand was made.

The plain language of the statute provides for prejudgment interest if the verdict is not less than the amount of the claim; the verdict for appellee, as it pertained to the claim made in the demand served on appellant, was for less than the amount of the claim; therefore the statute does not apply and appellee was not entitled to prejudgment interest. That portion of the judgment must be vacated, and the trial court is directed to do so on receipt of the remittitur.

*Judgment affirmed in part and reversed in part with direction. Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 7, 1989 —
REHEARING DENIED JUNE 20, 1989 — 

*Pruitt & Britt, Walter M. Britt,* for appellant.
*Robert F. Webb,* for appellee.