A93A0942. WINDERMERE, LTD. et al. v. BETTES et al.
(438 SE2d 406)

COOPER, Judge.

After a fire destroyed their home in a residential apartment building owned and operated by appellant-defendants, appellee-plaintiffs brought the instant tort action to recover for personal injuries and property damage. The case was tried before a jury which found for appellees, awarding both compensatory and punitive damages, as well as litigation expenses and attorney fees. Appellants appeal from the judgment entered on the jury verdict.

1. Appellants moved for a directed verdict on the issue of punitive damages, arguing that there was no clear and convincing evidence to authorize such an award. The trial court denied the motion and the jury returned an award of punitive damages in the amount of $1. The denial of this motion for directed verdict and of a subsequent motion for j.n.o.v. are enumerated as error.

A directed verdict is proper only where there is "no conflict in the evidence as to any material issue and the evidence introduced,

with all reasonable deductions therefrom, shall demand a particular verdict." OCGA § 9-11-50 (a). Pursuant to OCGA § 51-12-5.1 (b), punitive damages may be awarded "only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." " 'The latter expression relates to an intentional disregard of the rights of another, knowingly or wilfully disregarding such rights.' [Cit.]" *Ponce de Leon Condos. v. DiGirolamo*, 238 Ga. 188, 189 (1) (232 SE2d 62) (1977). " 'If a tort is committed through mistake, ignorance, or mere negligence, the damages are limited to the actual injury received,' for vindictive or punitive damages are recoverable only when a defendant acts 'maliciously, wilfully, or with . . . a wanton disregard of the rights of others.' [Cit.]" *State Mut. Life &c. Assn. v. Baldwin*, 116 Ga. 855, 860 (3) (43 SE 262) (1903). "[S]omething more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage. There is general agreement that, because it lacks this element, mere negligence is not enough." (Citations and punctuation omitted.) *Ivey v. Golden Key Realty*, 200 Ga. App. 545 (1) (408 SE2d 811) (1991).

Evidence was presented that faulty lighting was the cause of the blaze. In addition to suffering burns, appellees were injured when they had to jump from the second story of the apartment to flee the conflagration because interior hallway exits were already engulfed in flames. Appellees presented evidence that the apartment building failed to comply with safety features for isolating exits from fire as mandated by applicable building exit and fire codes. See generally OCGA § 25-2-4.

The landlord cannot avoid duties created by housing codes, building codes, or other regulatory provisions affecting the safety of the premises. *Bastien v. Metro. Park Lake Assoc., L.P.*, 209 Ga. App. 881, 882 (434 SE2d 736) (1993). Although appellants vigorously contested the applicability of the fire and building exit codes and denied that the building was in violation of any provision thereunder, the evidence on these issues was in conflict. The rules and regulations of the Fire Safety Commissioner shall have the force and effect of law. OCGA § 25-2-4. "After they take effect, the laws of this state are obligatory upon all the inhabitants thereof. Ignorance of the law excuses no one." OCGA § 1-3-6. The circumstances whereby the landlord failed to exercise any effort to comply with the mandatory safety provisions of an applicable fire or building exit code provided a clear and convincing evidentiary basis for an award of punitive damages against the landlord, for they demonstrate that entire want of care evincing conscious indifference to the consequences. See *J. B. Hunt Transport*

*v. Bentley*, 207 Ga. App. 250, 256 (3) (427 SE2d 499) (1993). See also *Field Developers v. Johnson*, 160 Ga. App. 180 (2) (289 SE2d 321) (1981). The trial court correctly denied appellants' motions for directed verdict and j.n.o.v. as to the issue of punitive damages.

2. Appellees made a claim for the expenses of litigation pursuant to OCGA § 13-6-11, which provides: "The expenses of litigation generally shall not be allowed as a part of the damages; but where the . . . defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." Appellants moved for a directed verdict as to these elements of damages, claiming that there was no evidence of bad faith and that the existence of a bona fide dispute as to liability precluded any award based upon stubborn litigiousness. The trial court denied this motion, and the jury awarded appellees $41,400 in attorney fees. The denial of this motion and of a subsequent motion for j.n.o.v. are enumerated as error.

Contrary to appellants' contention, the absence of an intentional tort is not fatal to appellees' claim for OCGA § 13-6-11 bad faith attorney fees. See *Ford Motor Co. v. Stubblefield*, 171 Ga. App. 331, 343 (8b) (319 SE2d 470) (1984) (the same evidence which authorized the verdict for punitive damages also authorized the jury to find the defendants acted in bad faith). "The bad faith referred to [in OCGA § 13-6-11,] in actions sounding in tort, means bad faith in the transaction out of which the cause of action arose. [Cit.]" *Atlanta Journal Co. v. Doyal*, 82 Ga. App. 321, 336 (5) (60 SE2d 802) (1950). The cause of action in this case arises in part out of personal injuries appellees received when they were forced to leap from the second story of a burning building because the exits were not safe to use. " 'Indicative of whether a party acts in good or bad faith in a given transaction is his abiding by or failing to comply with a public law made for the benefit of the opposite party, or enacted for the protection of the latter's legal rights.' [Cit.]" *Hinton v. Ga. Power Co.*, 126 Ga. App. 416, 420 (9) (190 SE2d 811) (1972). Evidence that appellants failed to comply with mandatory safety regulations promulgated for the benefit of appellees is some evidence that appellants acted in bad faith in the transaction, within the meaning of OCGA § 13-6-11. Where, as here, evidence of bad faith in the transaction is presented, the existence of a bona fide ground for contesting liability is not dispositive of the claim for OCGA § 13-6-11 damages. *Walther v. Multicraft Constr. Co.*, 205 Ga. App. 815, 816 (2) (423 SE2d 725) (1992). The trial court correctly denied appellants' motions for directed verdict and j.n.o.v.

3. OCGA § 51-12-14 (a) provides in part: "Where a claimant has given written notice . . . of a demand for an amount of unliquidated damages in a tort action and the person against whom such claim is

made fails to pay such amount within 30 days from the mailing of the notice, the claimant shall be entitled to receive interest on the amount demanded if, upon trial of the case . . . the judgment is for an amount not less than the amount demanded." Appellees made a written demand, offering to settle all their claims arising from the fire against all defendants for $225,000. The verdict awarded $222,118 in general and special damages, $41,400 in attorney fees, and $1 in punitive damages. The judgment includes pre-judgment interest in the amount of $41,054.80. Appellants enumerate as error the award of pre-judgment interest, urging that the amount of attorney fees should not be included in the amount of the judgment for purposes of determining whether the judgment is for "an amount not less than the amount demanded." Relying on *Chapman v. Hepburn*, 191 Ga. App. 909 (1) (383 SE2d 352) (1989), they contend that the claim for OCGA § 13-6-11 damages was not in existence at the time the OCGA § 51-12-14 (a) demand letter was sent and so that claim was not encompassed in the offer to settle all claims "arising from the fire."

*Chapman v. Hepburn*, supra, is distinguishable, for the claimant there offered to settle only a specific property damage claim. There, an award of attorney fees was based on stubborn litigiousness, that is, conduct occurring after the demand letter had been sent. This award was improperly included in the amount of the judgment to determine whether the plaintiff was entitled to interest on unliquidated damages pursuant to OCGA § 51-12-14. Here, the complaint contained the prayer for OCGA § 13-6-11 damages and the evidence in support of the claim was appellants' bad faith in the transaction. The OCGA § 51-12-14 (a) demand letter expressly offers to settle the entire case with *all* defendants for *all* damages. See *Grissett v. Wilson*, 181 Ga. App. 727 (1) (353 SE2d 621) (1987). The trial judge correctly included the amount of OCGA § 13-6-11 bad faith damages in calculating the amount of the judgment for purposes of determining appellees' entitlement to interest on unliquidated damages.

4. Appellants claim that the trial court erroneously awarded post-judgment interest on an amount which included the amount of pre-judgment interest on the unliquidated damages. Although appellees contend that appellants have waived any error by failing to object to the form of the judgment in the trial court, we nevertheless will consider this enumeration of error. Clerical errors and irregularities in the judgment, if they appear on the face of the record, may be corrected even after expiration of the term. See *Bank of Tupelo v. Collier*, 192 Ga. 409 (1) (15 SE2d 499) (1941); OCGA § 9-11-60 (g).

OCGA § 9-12-10 provides: "In all cases where judgment is obtained, the judgment shall be entered for the principal sum due, with interest, provided the claim upon which it was obtained draws interest. No part of the judgment shall bear interest except the principal

which is due on the original debt." "A judgment may be legally entered up for the principal sum and the interest due on the claim sued on to date of judgment. However, such a judgment bears interest only from its date [and only] on the principal sum. The interest found to be due at date of judgment does not bear interest. [Cits.]" *Southern Loan Co. v. McDaniel*, 50 Ga. App. 285, 286 (2) (177 SE 834) (1934). The judgment in this case permits appellees to recover "the sum of" principal, pre-judgment interest, as well as costs, with interest accruing on the sum total. "This judgment clearly provides for interest on interest. The trial court erred in so providing." *State Hwy. Dept. v. Godfrey*, 118 Ga. App. 560, 561 (2) (164 SE2d 340) (1968). However, this error can be cured by amendment of the judgment and does not require a new trial. Accordingly, the judgment of the trial court is affirmed with direction that, upon receipt of the remittitur, the trial court amend the judgment in favor of appellees to provide that interest after judgment shall accrue on the principal sum only. See *Williams v. Runion*, 173 Ga. App. 54, 61 (5) (325 SE2d 441) (1984).

*Judgment affirmed with direction. Beasley, P. J., and Smith, J., concur.*

DECIDED DECEMBER 1, 1993.

*Irwin, Bladen, Baker & Russell, Kathleen M. Pacious, Jennie E. Rogers*, for appellants.

*Calabro & Jennette, Michael M. Calabro*, for appellees.