TAYLOR, J.
In this appeal from a final judgment entered on a defense verdict in a medical malpractice case, appellant/plaintiff Yvette Johansen, as Personal Representative of the Estate of George Johansen (Estate), seeks a new trial, arguing that the trial court reversibly erred in bifurcating her claims of medical malpractice and negligent hiring and retention of the primary surgeon from her claims of negligent hiring and retention of the assistant surgeon. We affirm, because the trial court did not abuse its discretion in ordering bifurcation of appellant’s claims.
Dr. Philip Vuocolo, a general and vascular surgeon employed by the Heart and Family Institute of Port St. Lucie (Institute), surgically removed a part of seventy-eight year old George Johansen’s lung after finding a suspicious lesion on his left lung. Dr. Robert Norton, a general surgeon also employed by the Institute, assisted Dr. Vuocolo in the lobectomy and post-surgical care of Mr. Johansen. Mr. Johansen developed complications after the operation and had to undergo additional procedures after he experienced excessive blood loss. He died twenty-eight days after the surgery.
The Estate filed a claim for medical malpractice against Dr. Vuocolo and a claim against the Institute for vicarious liability for the malpractice of Dr. Vuocolo. The Estate also filed a claim against the Institute for the negligent hiring and retention of Dr. Vuocolo. After filing the complaint, and after the statute of limitations period had run, the Estate discovered that Dr. Norton, the assistant surgeon, had an extensive history of medical mal *199 practice.[1] Although the statute of limitations precluded the Estate from filing suit against Dr. Norton individually, the trial court ruled that the negligent hiring complaint against the Institute was sufficiently pled so as to include any negligent acts Dr. Norton may have committed while caring for the decedent.
Concerned that Dr. Norton’s extensive malpractice history would have a prejudicial effect on the jury, the defendants filed multiple motions to bifurcate the medical malpractice claims from the negligent hiring and retention claims. The trial court agreed that Dr. Norton’s malpractice history would prejudice a jury in the medical malpractice action against Dr. Vuocolo and ultimately ordered two separate trials. Accordingly, the Estate’s claims based on the medical malpractice and negligent hiring of Dr. Vuocolo would be tried separately from the claims based on the medical malpractice and negligent hiring of Dr. Norton. The order stated:
The medical malpractice action against PHILIP S. VUOCOLO, MD and HEART AND FAMILY INSTITUTE OF PORT ST. LUCIE, INC. shall be tried first. Under no circumstances in the medical malpractice action against PHILIP S. VUOCOLO, MD and HEART AND FAMILY INSTITUTE OF PORT ST. LUCIE, INC., can the Plaintiff introduce evidence concerning Dr. Norton’s alleged malpractice claim history.
Then, only if the trier of fact determines that PHILIP S. VUOCOLO, MD and HEART AND FAMILY INSTITUTE OF PORT ST. LUCIE, INC are not negligent in the first trial, can a second trial proceed against HEART AND FAMILY INSTITUTE OF PORT ST. LUCIE, INC., for medical malpractice based upon vicarious liability for, non-party, Dr. Norton’s actions.
The case proceeded to trial, and the jury entered a verdict for the defense; it found that Dr. Vuocolo did not breach the standard of good medical care and that his actions were not the proximate cause of Mr. Johansen’s death. Because of this finding, the jury was not required to determine whether the Institute had negligently hired Dr. Vuocolo.[2] This appeal followed.
A trial court’s decision to bifurcate claims and issues is reviewed for an abuse of discretion. See Valliappan v. Cruz, 917 So.2d 257, 259 (Fla. 4th DCA 2005); Roseman v. Town Square Ass’n, Inc., 810 So.2d 516, 520 (Fla. 4th DCA 2001). Florida Rule of Civil Procedure 1.270(b) governs the bifurcation of trials and permits “[t]he court in furtherance of convenience or to avoid prejudice [to] order a separate trial of any claim ... or of any separate issue or of any number of claims ... or issues.” Fla. R. Civ. P. 1.270(b).
Ordinarily, claims or issues that are interrelated and intertwined should not be bifurcated. See, e.g., Rooss v. Mayberry, 866 So.2d 174, 176 (Fla. 5th DCA 2004) (holding that a unified trial, rather than bifurcated action as to liability and damages issues, was required to affect substantial justice in medical malpractice action brought by a German national); Yost v. Am. Nat’l Bank, 570 So.2d 350, 352-53 (Fla. 1st DCA 1990) (concluding that in an action brought by lender to foreclose *200 promissory note, defendants’ compulsory counterclaims were improperly severed for separate trial); Travelers Express, Inc. v. Acosta, 397 So.2d 733, 737 (Fla. 3d DCA 1981) (noting that a severance for separate trial is within the discretion of the trial court, but that separate trials are appropriate only when a joint trial may prejudice a party or cause inconvenience).
As we pointed out in Roseman, “the law is well settled that bifurcation is subject to the sound discretion of the trial court,” and “bifurcation is generally proper absent a specific threat of inconsistent verdicts or prejudice to a party.” 810 So.2d at 520-21 (internal quotations omitted). In that case, we found no abuse of discretion and reasoned that there could be no finding that the trial court abused its discretion in ordering bifurcation unless the appellate court could “conclude that no reasonable person would have allowed it under the circumstances.” Id. at 523. We further noted that “[ljike most discretionary decisions, one to bifurcate the proceedings is very difficult to overturn on appeal because of the degree of deference appellate courts give to the trial court’s superior vantage point, having viewed all of the proceedings in the case.” Id. at 523-24.
We cannot say that the trial court abused its discretion in granting the motion to bifurcate in this case. Rule 1.270(b) authorizes the court to order a separate trial of any claim or issue “to avoid prejudice.” Here, the trial court was concerned about the possibility of prejudice to the defendants resulting from evidence of Dr. Norton’s prior medical malpractice. The trial court properly exercised its discretion when it found that this evidence (relevant on the issue of whether Dr. Norton was negligently hired and retained) could irreparably damage the jury’s ability to fairly decide the issue of whether Dr. Vuocolo acted within the applicable standard of care in treating Mr. Johansen. See, e.g., Beavis ex rel. Beavis v. Campbell Cnty. Mem’l Hosp., 20 P.3d 508, 516-17 (Wyo.2001)(holding that the question of a doctor’s negligence in treating a patient was properly bifurcated from the issue of whether or not the doctor had been negligently hired and supervised); Stottlemyer v. Ghramm, 268 Va. 7, 597 S.E.2d 191, 194 (2004)(holding that in jury trial where plaintiffs cause of action against doctor for medical negligence was bifurcated from plaintiffs claim against hospital for negligent credentialing, the patient was properly precluded from cross-examining doctor about his alleged prior acts of misconduct and negligence relating to his former patients); Lai v. Sagle, 373 Md. 306, 818 A.2d 237, 247-48 (2003)(com-paring evidence of prior medical malpractice to similar act evidence in criminal trials and surveying cases from other jurisdictions holding that evidence of prior malpractice is either inadmissible as irrelevant or excessively prejudicial).[3]
We have considered the Estate’s other arguments and find them to be without merit. We further note that the record reflects that the bifurcation order did not affect the Estate’s ability to fully and fairly litigate its claims against Dr. Vuocolo, the primary surgeon. Moreover, if it so chooses, the Estate can still proceed to trial on its claims against the Institute for the *201 alleged negligent hiring and retention of Dr. Norton.

Affirmed.

DAMOORGIAN, J. and CORLEW, REGINALD R., Associate Judge, concur.

. Dr. Norton had twelve prior medical malpractice claims, including two which resulted from patients’ deaths from excessive and uncontrolled bleeding.

. See Anderson Trucking Serv., Inc. v. Gibson, 884 So.2d 1046, 1052 (Fla. 5 th DCA 2004)(‘‘In order to establish liability based on negligent hiring, the plaintiff must first establish that the employee committed a wrongful act that caused the injury.”).

. Laughridge v. Moss, 163 Ga.App. 427, 294 S.E.2d 672, 674 (1982); Herbstreith v. de Bakker, 249 Kan. 67, 815 P.2d 102, 109 (1991); Cerniglia v. French, 816 So.2d 319, 322-25 (La.Ct.App.2002); Tramontin v. Glass, 668 So.2d 1252, 1256-57 (La.Ct.App.1996); Persichini v. William Beaumont Hosp., 238 Mich.App. 626, 607 N.W.2d 100, 105-06 (1999); Jones v. Tranisi, 212 Neb. 843, 326 N.W.2d 190, 192 (1982); Folgate v. Brookhaven Mem'l Hosp., 86 Misc.2d 191, 381 N.Y.S.2d 384, 386 (N.Y.Sup.1976).